Minshall, J.
The action below was a suit in partition, brought by Royon, as guardian of Coral W. Henderson, a minor, claiming his ward to be tenant in common with the defendant of the undivided one-half of the premises described in the petition. The defendant answered that she is the widow of William Line, deceased, who died seized of the property, and, by his will, devised the same to her for life, or during widowhood, and at her death or remarriage, to their children; that she is in possession of the property under the will, having accepted its provisions; and that the plaintiff’s interest in the property is simply as heir of one of the deceased children of the testator. The averments of the answer are not denied, but, by way of avoidance, the plaintiff replied, that being in possession as such life tenant, the defendant has neglected to pay the taxes on the land for so long that, on January 18, 1887, they were, on due advertisement, sold by the auditor of the county for the taxes delinquent thereon for the years 1885 and 1886, and'did not redeem them in the time prescribed by law (section 2852, Revised Statutes), whereby her life estate in the land became forfeited to the next in estate. But the reply also- states, that on March 30, 1888 (over a year after the sale), the defendant *320 deposited with the treasurer of the county, upon the warrant of the auditor, the sum of $269.10, and that Royon, the holder of the certificates of purchase at the tax sale, received the money and surrendered the. certificates to the auditor.
A trial was had and judgment rendered for the plaintiff, which was affirmed by the circuit court. After the determination of the case in the common pleas, defendant, Elizabeth Line, inter-married with one Estabrook, hence the'change that appears in her name. On the trial a bill of exceptions was taken, setting forth all the evidence. From this it appears that the defendant had on February 16, 1889, become the owner in fee simple of the undivided one-half of the land by purchase from the heirs of the other children, and that the plaintiff at the termination of the life estate of the defendant, would be the owner and entitled to the possession of the other half; that the land was in three separate tracts, and had been so listed for taxation in the name of William Line, no change having 'been made at his death; that only a part of each of these tracts had in fact been sold for the taxes delinquent on each — that is to say, seven acres out of a tract of twenty acres, ten acres out of a tract of forty acres, and ten acres out of a tract of forty-one acres. And it also appeared that there were a number of irregularities in the listing and sale of the land. The south half of one of the tracts had not been returned as delinquent in any sum by the treasurer; and his returns showed no reasons why the taxes on any of the tracts- had not been collected, as required by section 1043, Revised Statutes; the advertisement as to the amount due did not correspond in amount with the delinquencies returned by the treasurer, being greater; it in- *321 eluded a delinquency on a ditch tax, which was not in the return of the treasurer; and a large part of the entire delinquency embraced an assessment for a turnpike, an equitable part of which should have been paid by the remaindermen. Section 2268, Revised Statutes. In fact the sale is admitted to have been void, and, as a consequence, no valid deed could have been made the purchaser at the tax sale by the auditor. The admission may be regarded as compelled by the course of the decisions in this state. Stambaugh v. Carlin, 35 Ohio St., 209; Younglove v. Hackman, 43 Ib., 69; Benner v. Denny, 18 Ib., 246; Woodward v. Sloan, 27 Ib., 592; Kemper v. McClelland, 19 Ohio, 308. Forfeitures are a matter of strict right and can only be claimed where the requirements of the law have been strictly complied with.
We see -no reason why the same strictness should not be required to work a forfeiture of a life estate for the nonpayment of taxes, under the provisions of section 2852, Revised Statutes, as is required to work a forfeiture to the state, or to support a title acquired on a sale of delinquent lands. It would seem somewhat remarkable to hold that a sale, which, by reason of irregularities, would not support a title to a purchaser, nor work a forfeiture to the state, would, nevertheless, work a forfeiture of a life estate to the one next in estate. Such a holding is not required by the reason nor by the letter of the statute. The language of the statute, as far as applicable, is as follows: “If any person * * * who shall be seized of lands for life, * * * shall neglect to pay the taxes thereon, so long that such lands shall be sold for the payment of the taxes, and shall not, within one year after such sale, redeem the same, accord *322 ing to law, such person shall forfeit to the person or persons next entitled to such lands in remainder or reversion, all the estate which he or she, so neglecting as aforesaid, may have in said lands.” By the terms of this statute the forfeiture is made to depend upon a sale for the nonpayment of taxes, and a failure to redeem within one year from the sale. Its language necessarily imports a valid sale, since an invalid sale is, in contemplation of law, no sale (cases above cited); and where there is no sale there is no forfeiture, and, consequently, nothing from which a redemption can be required. According to the usage of language, where a word is employed, without qualification, it is to be understood in its integral, and not in a partial or negative sense. To illustrate — a contract for the execution and delivery of a deed is not performed by the delivery of a defective deed. And so, in Cincinnati v. Diekmeier, 31 Ohio St., 242, an agreement to pay a contractor in “assessments” was-held to be an agreement to pay in “valid assessments.” So that, in this case, the statute can only, be held to apply where there has been a valid sale of the land. Where the sale is invalid, no title can be made the purchaser, and no loss of estate can, therefore, result either to the next in estate or to the life tenant. It is the loss that may result to the next in estate from the nonpayment of taxes on the land, which constitutes the reason and spirit of the statute, and when such loss cannot result from the neglect of the life tenant to pay taxes, the important fact is wanting on which the limitation in law, provided by the statute can take effect and work a forfeiture of the estate of the life tenant.
The case of McMillan v. Robbins, 5 Ohio, 28, is *323 relied on to support the conclusions of the court below. But it is far, as we think, from so doing. It was the case of a sale made upon a valid' assessment — no question being made as to the amount of the tax or the regularity of the proceedings by which it was levied and the sale made. The case held that the happening of the event on which the forfeiture is made to depend, terminates the estate of the life tenant, and that the next in estate may enter without the judgment of a court leclaring the forfeiture. This we accept as the law, although it was held otherwise in Johnson v. Pettit, 1 C. S. C. R., 25, Stopper, J., delivering the opinion. The provision of the statute is in the nature of a limitation in law, which caunot be relieved against by a court of equity; Pomeroy’s Eq. Juris., § 458 ; the occurrence or the fact terminates the estate. But the fact must occur before the limitation takes effect; a void sale is not within the limitation and does not, therefore, work a forfeiture.
Again, it should be observed that under this statute 'it is' only the land sold that is declared forfeited; so that where, as in this case, only a part of the land is sold to pay the taxes on the entire tract, the forfeiture extends simply to the land sold.
It is argued that under the construction given the statute the land, by the neglect of the tenant, may be burdened with an accumulation of unpaid taxes, which the next in estate will have to pay when he comes into possession. This does not necessarily follow. Such accumulations can only result from the failure of the state, or purchaser, on a void sale for taxes, to pursue the proper legal remedy. Various methods are provided to the state for the collection of taxes; and the purchaser *324 at a void sale is substituted to the lien and rights of the state; and, on a void purchase, may collect what is justly due from a life tenant as from a tenant in fee simple. Section 2880, Revised Statutes. So that the supposed hardship is more imaginary than real. At any rate the injustice of forfeiting the estate of a life tenant for failure to pay an illegally assessed tax, or to redeem from a void sale, may well be balanced against such possible hardships to the next in estate. And it is these considerations that have uniformly influenced the courts to apply the law with great strictness where forfeitures are claimed. They are odious in law, because they necessarily work a sacrifice of the rights of the party whose estate is forfeited. Where equity mayrelieve the sacrifice is less ; but where, as in this case, it cannot, and nothing but the pound of flesh will satisfy the demand, it is the duty of courts to see that all the requirements of the law have been complied with.

Judgments of the courts below reversed and cause remanded to the common pleas for further proceedings.

Williams and Bradbury, JJ., dissent.